UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-10024-AB-RAO | Date: | January 7, 2020 |
|---|---|---|---|

| Title: | *Deutsche Bank Nat'l Trust Co. v. Ralph Pollerana et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>GRANTING</u> UNOPPOSED MOTION TO REMAND**

Before the Court is Plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loand Trust 2006-OPT4, Asset Backed Certificates, Series 2006-OPT4's ("Plaintiff") motion to remand this case back to California state court. (Dkt. No. 7.) Defendants Ralph Pollerana and Virginia Pollerana ("Defendants") have not filed an opposition to Plaintiff's motion. For the reasons stated below, the Court **GRANTS** Plaintiff's motion to remand. The hearing on this motion, scheduled for January 10, 2020, is **VACATED**.

### 1. The Court lacks subject matter jurisdiction over this action

Federal courts are courts of limited jurisdiction. To establish federal subject matter jurisdiction, the party invoking jurisdiction must show a federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the dispute concerns citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Here, the underlying California state court action is an unlawful detainer action brought under California Code of Civil Procedure § 1161(a). "[U]nlawful detainer action[s] do[] not arise under federal law." *Wescom Credit Union v. Dudley*, No. CV 10-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Defendants assert in their notice of removal that federal question jurisdiction exists because Plaintiff failed to allow the ninety-day waiting period set out in the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201, to lapse. (Dkt. No. 1 at 2–3.) However, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Moreover, the underlying state court action is a limited case that seeks no more than $25,000, and Defendants have made no showing that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Because Defendants have failed to show that this case involves a federal question, or that the amount-in-controversy requirement has been met, the Court accordingly **GRANTS** Plaintiff's motion to remand this case back to California state court.

**IT IS SO ORDERED**.